## (November 24, 1959)

■ CHARLES PACE, Respondent, v. FRANK PACE, Appellant, et al., Defendant.

Appeal from a judgment of the Supreme Court in favor of plaintiff, entered May 4, 1959, upon a decision of the court at a Trial Term, without a jury.

Judgment affirmed, with costs.

VALENTE, J. (dissenting.) A judgment has been entered annulling the transfer of 100 shares of stock of Ecap Holding Corporation from plaintiff, the father, to his son, the individual defendant. Although naturally sympathetic with the result, I cannot find in the record even prima facie evidence to support the finding of Special Term that the transfer of the stock was effectuated by reason of an abuse of a position of trust and confidence between father and son.

In the complaint it was sought to set aside the transfer upon the omnibus charge that it had been obtained by the son by "fraud, misrepresentation, undue influence, breach of trust, and breach of duty". Fraud will not be presumed, and if alleged must be proven (*Chemical Corn Exch. Bank* v. *Wassung*, 8 A D 2d 788). As a corollary, where there is a finding of fraud, it must be supported by clear evidence. Clearly, there was a complete failure to prove the elements of fraud in this case.

We recently said, in *Farano* v. *Stephanelli* (7 A D 2d 420, 424) that "proof of a conveyance to a party standing in a confidential relationship, on an oral agreement to hold for the transferor's benefit or to reconvey on his demand, may be the basis for the imposition of a constructive trust. (Restatement, Restitution, §§ 166, 182; 4 Pomeroy, Equity Jurisprudence [5th ed.], § 1056a.) "

But the instant case does not present the occasion for the imposition of a constructive trust. There is neither pleading nor proof of any oral promise to reconvey; nor did the trial court find a constructive trust.

The powers of a Court of Equity cannot be invoked to assist a donor of a gift who has had a change of heart. However, where a confidential relationship is the inducing cause of a transfer — claimed to be a gift — the court will probe into the question of any abuse of a confidential relationship to determine whether indeed a gift was intended or there was merely a transfer for convenience coupled with a promise to restore the property or to hold it in trust for the transferor. Then an oral promise, or conduct confirming an agreement to reconvey on demand, will satisfy the requirements for imposing a constructive trust.

Here the acts of the parties, both before and after the transfer was made, negative a conditional delivery. In support, I need only refer to the proof of the payment of the gift tax, the arrangements for the father to be paid by another corporation the compensation he was theretofore receiving from Ecap Holding Corporation, and the antecedent contract with the father for the son's purchase of the stock.

I think a new trial is necessary to delve into the true nature of the transaction and the genuine reasons for the transfer. Sentimental, cardiac considerations for the 72-year-old father — and, from the record, it appears he was a seasoned business man rather than an illiterate novice in commercial affairs — who disposed of a valuable property to his son are misplaced unless the real motive for the transfer is disclosed. If the underlying purpose was improper or illegal, e.g., to defraud creditors, to evade taxation or to deprive a prospective widow of an elective share, equity will not interfere and will leave the parties where it finds them (*Pattison* v. *Pattison,* 301 N. Y. 65, 72–74). Nor will equity intervene merely to compel compliance with common notions of purely filial obligations.

I am not prepared to hold on this record that a complete, unconditional gift was proven by defendant and that the complaint should therefore be dismissed. However, I dissent and vote for a new trial for a further exploration of the real purpose of the transfer and more adequate proof on the question of an abuse of a confidential relationship.

Botein, P. J., Breitel and McNally, JJ., concur in decision; Valente, J., dissents and votes to reverse and order a new trial, in opinion in which Stevens, J., concurs.

Judgment affirmed, with costs to respondent.